## STATE OF MAINE *vs.* ISAAC HATCH.

*Recognizance in criminal case.*

By virtue of R. S. c. 133, § 22, no action on a recognizance in a criminal case will be defeated, nor judgment arrested, for any defect in the form of the recognizance, if it can be sufficiently understood from its tenor, at what court the party was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same.

Thus, a recognizance after alleging that the principal therein was brought before the municipal court of Portland by virtue of a warrant duly issued upon the complaint, on oath, of a person named, then recited the allegations in the complaint which technically set out a compound larceny by the principal in this county, and concluded with the condition, "that if the said respondent shall personally appear at the court aforesaid, and answer to such matters and things as may be objected against him, and more especially to the charge contained in said complaint, and shall abide the order and judgment of said court and not depart without license; then, etc.; *Held,* (1) That the recognizance contains the requirements specified in the statute; and (2) That the clause "to answer to such matters and things as may be objected against him," not being authorized, may be rejected as surplusage.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for the county of Cumberland.

DEBT on a recognizance, the material part of which was of the following tenor:

"The condition of this recognizance is such, that whereas the said Eaton S. Hatch has been brought before said Court, by virtue of a warrant duly issued upon the complaint, on oath, of Moses Sargent, charging him, the said Eaton S. Hatch, with having on the thirtieth day of May, A. D. 1866, at Brunswick, broke and entered, in the night, time, the building occupied by the Medical School of Maine, situated in Brunswick, in the county of Cumberland, and committed a larceny therein, to wit, one binocular microscope of the value of five hundred dollars, of the goods, chattels, and property of Prof. Cyrus F. Brackett, in the possession of said Brackett being found; with force and arms feloniously did steal, take, and

carry away against the peace of the State and contrary to the form of the statute in such case made and provided. And the said principal defendant is brought before the recorder, the judge being absent, and is required to recognize with sureties for his personal appearance before the municipal court on Tuesday, June 29th, 1869, at nine o'clock A. M.

"Now, therefore, if the said respondent shall personally appear at the court aforesaid, and answer to such matters and things as may be objected against him, and more especially to the charge contained in said complaint, and shall abide the order and judgment of said court, and not depart without license ; then this recognizance shall be void, otherwise remain in full force and virtue.

" Witness, Llewellyn Kidder, recorder of said municipal court, the judge being absent."

The action was tried by the justice without the intervention of a jury, and subject to exceptions.

The State offered the record of the municipal court of Portland, also the recognizance, to the latter of which the defendant objected upon the grounds of variance and illegality.

The presiding judge admitted it, and ruled it valid ; whereupon, the defendant alleged exceptions.

*Thos. B. Reed*, Attorney-general for the State.

*W. L. Putnam*, for the defendant.

It is settled that everything requisite to show the magistrate's jurisdiction must appear from the recognizance. *State* v. *McGrath*, 31 Maine, 469; *State* v. *Smith*, 2 Maine, 63 ; *State* v. *Brown*, 41 Maine, 536 ; *State* v. *Lane*, 33 Maine, 538; *Dodge* v. *Kellogg*, 13 Maine, 440. And the last four cases cited, all indicate that nothing extrinsic can be introduced to supply deficiencies in the recognizances.

There is nothing in this recognizance to show for what purpose Eaton S. Hatch was brought before the municipal court. It does not appear that he was brought there for examination, or that he was brought there for any purpose whatever except to recognize.

If it had appeared when he was first brought there, or on warrant from what court, the purpose of bringing him there might possibly be presumed. The recognizance says he has " been brought " and " is brought ; " but the preterit is marked by no time.

It also says, " by virtue of a warrant duly issued ; " but whether duly issued by a judge of the supreme or superior court, or by a magistrate in another county in accordance with R. S. c. 133, § 6, does not appear.

Neither the time when first brought, nor the character of the warrant appearing, it is impossible to determine from the recognizance why Hatch was brought before the court. And it can hardly be claimed, that a recognizance not showing the purpose for which the parties are before the court can be valid.

Again, the recognizance does not show why Hatch was required to recognize for his appearance on June 29th. The statute provides that in case of an adjournment of the examination, a recognizance may be taken ; but this recognizance shows no adjournment of any examination or any other proceeding.

It is settled that recognizances, embracing conditions beyond those fixed by law, are void, however it may be with ordinary statute bonds. In this case the terms of the statute provide for a recognizance, simply for the " appearance " of the accused ; which is explained by reference to R. S. of 1841, c. 171, § 8, as an " appearance for the purpose" of the examination. So far as any recognizance authorized by statute is concerned, a respondent cannot be required to attend to answer to other charges, if the specific charge named is abandoned ; and, therefore, as this recognizance assumes to require more than that, it is void.

R. S. c. 133, § 20, does not apply, as it does not appear that the " magistrate was authorized to take " the recognizance. *State* v. *McGrath*, 31 Maine, 469.

All these points are open on these exceptions, particularly as the court expressly adjudged the recognizance valid. *Com.* v. *Field*, 9 Allen, 584.

APPLETON, C. J.   By R. S. 1857, c. 133, § 20, no action on a recognizance " shall be defeated, nor judgment arrested . . . for any defect in the form of the recognizance, if it can be sufficiently understood, from its tenor at what court the party was to appear, and from the description of the offense charged, that the magistrate was authorized to require and take the same."   This section, it will be perceived, is applicable only to recognizances in criminal, and not in civil proceedings.   Hence the decisions in the latter class of cases are inapplicable.

The recognizance shows at what court the party was to appear. The description of the offense shows that the magistrate was authorized to take the recognizance,—that is, that the offense was within his jurisdiction.

This provision in regard to recognizances in criminal cases first appears in the revised statutes of 1841.   The authorities of an earlier date are, therefore, so far as this section is of any avail, inapplicable.

The cases relied on by respondent do not sustain the defense. In State v. Brown, 41 Maine, 534, the recognizance was " to answer to such matters and things as shall be objected against him," but it referred to no specific charge.   Tenney, C. J., in delivering the opinion of the court, says, " The writ refers to no charge against the defendant whatever, and contains no reference to any charge in any complaint or indictment. . . . A party cannot be required to come into court, actually in session, to answer to such matters and things as shall be objected against him, without any other charge being mentioned, more than to come into court at a future term."

But here there is a specific charge, duly set forth, to which the defendant was bound to answer.   The insertion of the words, " to answer to such matters and things as may be objected against him," are to be deemed mere surplusage and void, they being unauthorized.   The statute makes all recognizances valid, which contain its specific requirements.

In State v. Magrath, 31 Maine, 469, the recognizance was held defective because it did not appear in what county, city, or town

the supposed offense was committed. In the recognizance under consideration, the larceny is alleged to have been committed in Brunswick, in the county of Cumberland.

The recognizance sets forth that the principal therein was charged under oath with breaking and entering a building occupied by the Medical School of Maine, situated in Brunswick, in the county of Cumberland, and one binocular microscope, of the value of five hundred dollars, of the goods and chattels and property of Cyrus F. Brackett, in the possession of said Brackett being found, did feloniously steal, take, and carry away, etc. This clearly sets forth an offense within the jurisdiction of the municipal court of Portland. But in *State* v. *Lane*, 33 Maine, 536, cited by the counsel for the defendant, the recognizance was held fatally defective, because it did not charge the doing of any illegal act, while in the one before us the act charged is clearly illegal. ·

The recognizance in *Dodge* v. *Kelloch*, 13 Maine, was not taken in any criminal process. It was before the act of 1841, c. 171, § 30. The case does not apply.

" Upon the whole case," to use the language of May, J., in *State* v. *Baker*, 50 Maine, 45, " and especially in view of the provision in R. S. c. 133, § 20, by which the strictness of the common law has been so modified that no action on such recognizance can be defeated for any defect in the form of the recognizance, if it can be sufficiently understood from its tenor at what court the party was to appear, and, from the description of the offense charged, that the magistrate was authorized and required to take the same, we cannot come to any other conclusion than that the declaration is sufficient, and this action is maintained."          *Exception overruled.*

KENT, CUTTING, DICKERSON, and BARROWS, JJ., concurred.

WALTON, DANFORTH, and TAPLEY, JJ., dissented upon the grounds of the following opinion by

TAPLEY, J. It was held in *State* v. *Brown*, 41 Maine, 535, that " a party cannot be required to come into court actually in session to answer to such matters and things as shall be objected

State *v.* Hatch.

against him, without any other charge being mentioned, more than to come into court at a future time."

The condition of this recognizance is, that " if the said Respondent shall personally appear at the court aforesaid, and answer to such matters and things as may be objected against him, and more especially to the charge contained in said complaint, and shall abide," etc.

The difference between the case of Brown and the case at bar is simply that with the unauthorized matter is also that which is authorized.

The recognizance in this case is an entirety, and it provides only for its being void, upon the appearance of the party to answer to all such matters and things as may be objected against him. Whatever became of the original complaint, whether sustained or not, if other new independent matters were objected against him, and he did not also answer to this and abide the order of court thereon, it was to " remain in full force and virtue." The special matter charged was larceny. The recognizance, however, covered every crime known to the law beside it. A neglect to answer any of these matters, whether in existence at the time of the taking of the recognizance or not, and to abide the order of court thereon, would be as much a breach of the condition as a neglect to answer the special matter. The court was not authorized to require such a recognizance, and it is invalid.

Being invalid it was error in the judge to hold it valid, and rule that the state was entitled to judgment on it.